UNITED STATES DISTRICT COURT       SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Chan Wing Lau, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-13-40 |
| | § | |
| United States Department of Justice, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## Opinion on Dismissal

1. *Introduction.*

    After being in the country without permission for 11 years, an alien has appealed the immigration agency's denial of bond, denial of his application for asylum, and order for deportation. His claims will be dismissed.

2. *Background.*

    Chan Wing Lau entered the United States of America in September of 1997 with a visa from Hong Kong. In 1999, he changed his visa, extending his ability to stay until January of 2002. He has remained in the country without permission.

    In July of 2010, Lau was convicted of forgeries in Fort Bend County and Harris County. While he was serving his sentence, Immigration and Customs Enforcement interviewed him and took him into custody as a deportable alien.

    That August, a hearing officer at the immigration court ruled that he could be deported. He asked to leave voluntarily, and the officer allowed it. He was to leave the country by October 5th with a bond of $2,000. He tried to post the bond, but he did not pay by the deadline for an unclear reason. After the hearing, he appealed the order of deportation because the officer did not tell him that he could apply for asylum and withholding of removal.

    In February of 2011, the Board of Immigration Appeals remanded the case to give him an opportunity to apply for asylum. He posted a delivery bond of $5,000 in July of 2011 and

was released. The agency set the hearing on his application for asylum for July of 2013.

In June of 2012, he was arrested for fraud in Harris County. Immigration then took him into custody. At a hearing in August, the officer told him that he could not be released on bond because he had two convictions for crimes of moral turpitude: the forgeries in 2010. The officer also reset his asylum hearing for November.

At the end of August, he pleaded guilty to fraud.

In November, he asked the officer to recuse himself. Lau argued that the officer was biased because he had denied bond. The officer explained that he was not eligible for bond because of his convictions. Lau admitted that he was convicted of forgery in Harris County and was sentenced to 30 days' confinement, but he claimed that he pleaded guilty to a crime that he did not commit. He also claimed that he was not convicted in Fort Bend County. The officer denied the motion to recuse and reset the asylum hearing to February of 2013, because Lau was not prepared.

In January of 2013, Lau filed a motion to recuse the hearing officer in this court. The court denied it. In February, the officer denied his application for withholding of removal. Because his fear of returning to Hong Kong stemmed from events before 1999, his application for asylum was untimely, and he could not show changed circumstances that justified his tardiness. The officer ordered him to be deported. Lau reserved his right to appeal to the agency, but this court does not know if he did.

Since April, Lau has filed four more petitions in this court, complaining that the officer was biased, did not recuse, did not give him bond, ignored his evidence, and erred in ordering his deportation. He seeks to overturn the order of removal, be released on bond, and be classified as a lawful permanent resident. He has also asked that the agency give him his driver's license and expired passport from Hong Kong.

3.    *Bias.*

Nothing in the documents he has submitted shows that the hearing officer was biased towards Lau. An adverse ruling is not prejudice, bias, hostility, malice, or anything other than a decision. Although he denied one of his convictions in his immigration hearings, he has admitted in his pleadings to this court that he pleaded guilty to forgery in Fort Bend County

and Harris County.[1]

He complains that the officer was biased because he denied bond. It is unclear why the agency allowed him to post a bond in 2010 and 2011; it should not have. The government may have discovered the extent of his crimes after his arrest for fraud, to which he has also pleaded guilty.[2] The law does not allow the agency to released him on bond because he has two convictions of moral turpitude.[3] The officer cannot change the law.

Lau says that he did not commit the crimes; that does not change the record of his convictions. He cannot plead guilty in two proceedings and then deny that he did the crimes. He was convicted and cannot be released

He has nothing else to show that the officer was arbitrary. The excerpts that he has given the court show that the officer continued the asylum hearing to give him more time to prepare and considered his evidence of threats in Hong Kong.

4.    *Asylum.*

Because Lau has not shown that he appealed the denial of his application to the agency and exhausted his administrative remedies, he may not sue here.[4]

Even if he had appealed and lost, the officer did not err in denying the application for asylum and withholding.

The law requires that his application for asylum be within one year of his arrival or its tardiness be excused by changed circumstances.[5] He has been in the country for at least 14 years without applying for asylum. He knew of the events underlying his application for that entire time.

---

[1] *State v. Lau*, No. 09-DRC-53503 (434th Dist. Ct., Fort Bend County, Tex. July 1, 2010); *State v. Lau*, No. 122836301010-3 (351st Dist. Ct., Harris County, Tex. July 16, 2010).

[2] *State v. Lau*, No. 183541601010-2 (11th Dist. Ct., Harris County, Tex. August 24, 2012).

[3] 8 U.S.C. § 1226(c)(1) (2012).

[4] *Omari v. Holder*, 562 F.3d 314, 318–319 (5th Cir. 2009).

[5] 8 U.S.C. § 1158(a)(B) & (a)(D).

The application was untimely, and he has not shown a new development that justifies his late filing.

He has also not shown facts that support withholding of deportation because of persecution or torture. He says that he was attacked because he refused to bribe officials in China. He has not shown that his life would be threatened because of a protected category or that he would be tortured.[6]

Lau has no need for a state driver's license. The government must return his passport.

5.   *Conclusion.*

Chan Wing Lau may not sue in this court because he has not shown that he exhausted his remedies with the agency. Even if he could sue here, he has not described facts that are recognized as claims at law. He could not receive bond, his application for asylum is too late, and he has not shown facts that support withholding of his deportation. More than substantial evidence supports every decision by the Immigration Service. His claims will be dismissed.

Signed on August **29**, 2013, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[6] 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 208.16–.17 (2012).